People v Ramacca (2019 NY Slip Op 02905)





People v Ramacca


2019 NY Slip Op 02905


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-11830 
2016-11832
2016-11833
2016-11834

[*1]The People of the State of New York, respondent,
v
Joseph D. Ramacca, appellant. (Ind. Nos. 122/12, 123/12, 309/15, 310/15)


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle S. Fenn of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from four sentences of the Supreme Court, Queens County (Marcia P. Hirsch, J.), all imposed October 13, 2016, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant's purported waiver of his right to appeal was invalid. The Supreme Court failed to provide an adequate explanation of the right to appeal (see People v Bradley, 167 AD3d 768), and there is no indication on the record that the defendant understood the distinction between the right to appeal and the other trial rights forfeited incident to his pleas of guilty (see People v Latham, 162 AD3d 1068, 1069). Consequently, the defendant's alleged waiver does not preclude appellate review of his excessive sentence claims.
However, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court